UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ARTHUR HUDSON, | ) | |
|---|---|---|
| Movant, | ) | |
| | ) | Case No. 12 cv 1844 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 19, 2008, Arthur Hudson pled guilty, pursuant to a written plea agreement, to charges of possession of powder and crack cocaine with intent to distribute and possession of a firearm in furtherance of a federal drug trafficking crime. The Court imposed a prison sentence totaling 180 months. Hudson appealed his sentence and the Seventh Circuit Court of Appeals affirmed.

Hudson now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting lack of jurisdiction and ineffective assistance of trial counsel. For the reasons that follow, this Court denies Hudson's section 2255 motion without an evidentiary hearing.

**Background**

The following facts are taken from the Seventh Circuit's decision affirming Hudson's conviction and sentence on direct appeal. *See United States v. Hudson,* 627 F.3d 309 (7th Cir. 2010). In late September or early October 2005, Arthur Hudson received approximately 20 kilograms of cocaine on consignment from "Individual A" in a restaurant in Romeoville, Illinois. Individual A began cooperating with the Drug Enforcement Administration ("DEA"), and on October 17, 2005, Individual A and an undercover DEA agent met Hudson in a Walgreens parking lot in Romeoville to receive payment from Hudson for the consigned drugs. Hudson gave Individual A the keys to his

1

Chevrolet Impala and explained where to find the money in the car's hidden compartment or "trap". Individual A and the agent found about $240,225 in cash and about 600 grams of powder cocaine and 80 grams of crack cocaine inside the compartment. Hudson met with Individual A and the agent again on October 18, 2005, with a payment of $92,495 hidden in the trap in his car.

On December 15, 2005, federal agents arrested Hudson at his Chicago home pursuant to a criminal complaint charging him with knowingly and intentionally possessing powder and crack cocaine with intent to distribute it. Hudson's wife consented to a search of their home. Agents found guns and drug paraphernalia.

Hudson pled guilty on July 19, 2008, to Count I and Count V of the complaint – possessing five kilograms of cocaine or more with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm in furtherance of the drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). During Hudson's change of plea hearing, he admitted that a 9mm Ruger semi-automatic pistol was found in a filing cabinet drawer in his basement next to a kilogram of cocaine. Hudson further admitted that he possessed and stored the Ruger to protect himself and his drug stash. The district court sentenced Hudson to the statutory mandatory minimum 120 months' incarceration on the drug charge and 60 months on the gun possession in furtherance of a drug trafficking crime to be served consecutively.

Hudson appealed his sentence, arguing the narrow issue that § 924(c)(1)(A) only imposes a mandatory consecutive sentence if the underlying crime does not impose a greater mandatory minimum sentence. The Seventh Circuit affirmed. Hudson now moves to vacate his sentence pursuant to section 2255.

**Legal Standard**

A defendant is entitled to relief under section 2255 if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise

open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court must hold an evidentiary hearing on a section 2255 motion if the movant alleges facts that, if proven to be true, would entitle the defendant to relief. *Id.* If the motion and the record conclusively show that the movant is not entitled to any relief, the court may deny the motion without an evidentiary hearing. *Id.*

Generally, before a court may consider a § 2255 petition, the claims brought in it must have been raised and exhausted on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). A claim not previously raised is procedurally defaulted, and a court may not consider it on habeas review unless the petitioner demonstrates both cause and prejudice. *Massaro*, 538 U.S. at 504. The only exception to this requirement is that a petitioner may raise an ineffective assistance of counsel claim in a § 2255 petition regardless of "whether or not the petitioner could have raised the claim on direct appeal." *Id.*

**Discussion**

Hudson makes two arguments in support of his motion to vacate his sentence. First, Hudson asserts that the district court lacked subject matter jurisdiction because the State of Illinois is not a "state" of the United States under the Tenth Amendment to the U.S. Constitution. In essence, Hudson is attempting to make a sort of federalist argument, that because the crime did not occur in any land over which the United States has exclusive jurisdiction, the federal government is intruding on Illinois sovereignty by imposing criminal charges. The Court finds this is a frivolous argument. The federal government's authority to enact criminal statutes such as the ones at issue here is contained in the Commerce Clause and the Necessary and Proper Clause of the U.S. Constitution. *See, e.g., Gonzales v. Raich*, 545 U.S. 1, 24-25 (2005) (upholding congressional authority to regulate controlled substances even when they affect only intrastate commerce). Hudson was

convicted of possession of more than five kilograms of cocaine with the intent to distribute it and possession of a firearm in furtherance of that drug trafficking crime, both charges unquestionably implicate commerce.

Second, Hudson argues that his trial counsel, Michael Chomiak, was ineffective because he failed to properly investigate the sufficiency of the evidence presented to convict Hudson of possession of a firearm in furtherance of a drug-trafficking crime. Specifically, Hudson contends that counsel did not inform him prior to his guilty plea of the elements of section 924(c)(1)(A), and that he would not have pled guilty had he known that possession of a firearm without a showing that it was in furtherance of the drug trafficking crime is mere possession. Thus, Hudson contends there was insufficient factual basis to support his conviction on the gun charge.

For claims of ineffective assistance of trial counsel there is a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Hudson must demonstrate trial counsel's constitutional deficiencies by establishing "that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced as a result." *Jones v. Butler*, 778 F.3d 575, 583 (7th Cir. 2015) (citing *Strickland*, 466 U.S. at 687-88). To establish the prejudice prong, Hudson must show that there is a reasonable probability that but for counsel's errors the result of the proceedings would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Hudson cannot demonstrate that trial counsel's performance fell below the objective standard of reasonableness nor can he show that he was prejudiced as a result of counsel's purported deficiencies. Hudson asserts that counsel did not adequately inform him of the elements

4

of the charge under Count V of possessing a firearm in furtherance of a drug trafficking crime. As a result, Hudson contends that he pled guilty without fully understanding the charges. If counsel had adequately explained the meaning of "in furtherance," Hudson posits that he would have proceeded to trial on that count.

Counsel, Michael Chomiak, provided an affidavit setting forth his representation of Hudson, including that he met on numerous occasions, that counsel reviewed the charges against him, explained the relevant case law, provided Hudson with case law related to the charging determinations, fully discussed the elements of the gun charge under section 924(c)(1)(A), and explained with case law the different factors courts have considered to determine whether a defendant possesses a firearm in furtherance of a drug trafficking crime. (Dkt. 12-3, ¶¶ 3-4, 6). Further, counsel discussed the evidence and how he might present reasonable doubt. Counsel attempted to negotiate a plea agreement with the government to treat the alleged gun possession as a two-point sentencing enhancement as opposed to a separate count in the indictment. (*Id.* at ¶¶ 8-10). Failing that, counsel moved to suppress the gun at Hudson's behest. (*Id.* at ¶¶ 11-12). The court denied the motion to suppress. The plea agreement record and change of plea transcript support counsel's representation that he explained the charges and the evidence with respect to the gun charge, and that Hudson understood the charges and his plea. Hudson acknowledged under oath that he understood the charges and that counsel went over the charges and the plea agreement with him. (Dkt. 12-1 at p. 3:18-23). Hudson affirmatively admitted all the facts presented by the government to support the basis for the gun charge during the plea colloquy. (*Id.* at p. 7:9 - 8:1). Thus, this Court finds no evidence to overcome the presumption of reasonableness of counsel's performance.

Further, Hudson presents no objective evidence to establish the prejudice prong of an ineffective assistance of counsel claim. Where a defendant has pled guilty to the offense, to prove

5

prejudice, the movant must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct. *Gargano v. United States*, 852 F.2d 886, 890 (7th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In the context of a guilty plea, Hudson must establish that he would not have pled guilty and would have insisted on going to trial but for counsel's alleged errors. *Id.* In demonstrating prejudice, Hudson must do more than he does here, which is to simply allege that he would have gone to trial had he understood the nuances of possession of a firearm in furtherance of a drug trafficking crime. *Id.*

"The defendant must be able to show that there is a reasonable probability that the result of the proceeding would be different." *Id.* Hudson fails to present evidence to show prejudice in this context. The record indicates that he was informed of the elements of each of the charges, including the gun charge, and that counsel sought to suppress the weapon and was denied. Further, Hudson cannot show that the result of the proceeding would have been different because subsequent counsel moved to withdraw the guilty plea on this precise issue, arguing that Hudson did not adequately comprehend the meaning of "possession of a firearm in furtherance of a drug-trafficking crime" and the Court denied the motion. Additionally, Hudson does not dispute possession of the Ruger, but only that it was in furtherance of a drug trafficking crime as opposed to mere possession.

Case law in this circuit supports a finding that "a possessed gun can forward a drug-trafficking offense by providing the dealer, his stash, or his territory with protection." *United States v. Eller,* 670 F.3d 762, 765 (7th Cir. 2012). "Of course, this type of possession-for-protection can be confused easily with circumstantial or innocent weapon possession; therefore, in cases such as this one, the evidence must specifically tie the weapon to the drug-dealing activity to ensure there was not innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *United States v. Duran*, 407 F.3d 828, 840 (7th Cir. 2005) (internal quotations omitted). Here, Hudson agreed during his plea colloquy that he possessed the gun for protection of himself

6

and his drugs. (Dkt. 12-1 at p. 7:19-8:1). Furthermore, there is testimony in the record from two law enforcement agents that conducted the search of Hudson's home that the 9mm Ruger was found in the same filing cabinet drawer as a kilogram of cocaine. (Dkt. 116, Suppression Hrg. Tr. 6/12/2007 at p. 18:15-19:1, p. 58:19-25). One of the factors courts consider to determine whether there is a nexus between the firearm and the drug-selling operation is the "proximity to drugs or drug profits." *Id.* (citing *United States v. Seymour*, 519 F.3d 700, 715 (7th Cir. 2008). Accordingly, this Court finds that Hudson cannot meet his burden to establish either the constitutionally deficient performance or the prejudice prong of his ineffective assistance of counsel claim.

This Court finds that an evidentiary hearing is unnecessary since Hudson provides no actual proof beyond unsupported allegations and the record before the Court conclusively shows that Hudson is entitled to no relief. *See Martin v. United States*, 789 F.3d 703 (7th Cir. Ill. 2015); *see also Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992).

**Conclusion**

For the reasons stated above, the Court denies Hudson's motion under 28 U.S.C. § 2255. The Court also declines to issue a certificate of appealability, because there is nothing to suggest that the merits of Hudson's claims are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

Date: 08/12/2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge